SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------- X
                                                               :
SUSTAINABLE PTE LTD., SURF HOTELS PTE LTD., :                   Hon. Anil C. Singh, J.S.C.
GREGORY STUPPLER, and YUTA OKA,                                :
                                                               :  Index No. 650340/2015
                        Plaintiffs,                            :
                                                               :  **STIPULATION AND ORDER**
            - against -                                        :  **FOR THE PRODUCTION**
                                                               :  **AND EXCHANGE OF**
PEAK VENTURE PARTNERS LLC, OMAR                                :  **CONFIDENTIAL**
AMANAT, PEAK HOTELS AND RESORTS LIMITED, :                        **INFORMATION**
PEAK INVESTMENTS LIMITED, AMAN RESORTS                         :
GROUP LIMITED, MANAMAN VENTURES PTE.                           :
LTD., PEAK HOTELS AND RESORTS GROUP                            :
LIMITED, NADER TAVAKOLI, TAREK                                 :
INVESTMENTS LIMITED, VLADISLAV DORONIN,                        :
ALAN DJANOGLY, JOHAN ELIASCH, and                              :
SHERWAY GROUP LIMITED,                                         :
                                                               :
                        Defendants.                            :
                                                               :
-------------------------------------------------------------- X

This matter having come before the Court by stipulation of plaintiffs Sustainable Pte. Ltd., SURF Hotels Pte. Ltd., Gregory Stuppler, and Yuta Oka, on the one hand, and defendants Nader Tavakoli, Tarek Investments Limited, and Vladislav Doronin, on the other hand, for the entry of a protective order pursuant to CPLR 3103(a), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by any party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Any party may designate Documents produced, or Testimony given, in connection with this action as "confidential," or "Highly Confidential - ATTORNEYS' EYES ONLY" either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

   (a) "Information" shall mean all Documents and Testimony, and all information contained therein, and any other material produced, given, or exchanged by any party or non-party in connection with this litigation, regardless of the medium or manner generated, stored, or maintained. All Information shall be used or disclosed solely for the purposes of the prosecution or defense of this litigation and may not be used or disclosed for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administrative, or arbitral proceeding. For the avoidance of doubt, nothing in this Stipulation affects a party's right to use its own documents and information.

   (b) "Confidential Information" shall mean all Information designated as confidential, if any party or producing party in good faith believes that such Information contains (i) sensitive personal information, such as social security numbers and bank account numbers, financial information, home addresses, personal email addresses or

personal telephone numbers; (ii) confidential business information, including, without limitation, non-public financial, customer, investor, or commercial information, trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential (hereinafter the "Designating party"), be detrimental to the conduct of that party's business or the business of any of that party's customers or clients; (iii) information that is subject to contractual confidentiality or non-disclosure provisions; or (iv) information a party is legally obligated to keep confidential.

(c) "Highly Confidential - ATTORNEYS' EYES ONLY Information" shall mean all Information designated as Highly Confidential - ATTORNEYS' EYES ONLY if any party or producing party in good faith believes that the disclosure of such Information would be detrimental to the conduct of that party's business or the business of any of the party's customers or clients if disclosed outside the attorneys' eyes only group.

(d) "Producing party" shall mean the parties to this action and any non-parties producing Information in connection with depositions, subpoenas, document productions or other discovery or judicial process or procedures (including other exchanges of Information that the parties may agree to make subject to the terms of this Stipulation).

(e) "Receiving party" shall mean any party to this action and/or any non-party receiving Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information in connection with depositions, subpoenas, document productions or other discovery or judicial process or procedures (including other exchanges of

Information that the parties may agree to make subject to the terms of this Stipulation).

4. The Receiving party may, at any time, notify the Designating party that the Receiving party does not concur in the designation of a document or other material as Confidential Information. If the Designating party does not agree to declassify such document or material, the Receiving party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. For any Information that a Producing party wishes to designate as Highly Confidential - ATTORNEYS' EYES ONLY, the Producing party must first submit such Information to the Receiving party via email or other electronic means. If the Receiving party concurs in the designation, the Information will be treated as Highly Confidential - ATTORNEYS' EYES ONLY. If the Receiving party objects to the designation, the Receiving party must notify the Designating party in writing that it objects to the designation of such Information as Highly Confidential - ATTORNEYS' EYES ONLY. Within fourteen (14) calendar days of the receipt of such written notification, counsel for the Designating party and the objecting party shall meet and confer in an effort to resolve the objection. If the parties cannot resolve their disagreement, the Producing party may submit the documents to the Court for *in camera* review to determine whether the Information should be designated as Highly Confidential - ATTORNEYS' EYES ONLY. Until the dispute is resolved by the

parties or the Court, the designated material shall be treated as Highly Confidential - ATTORNEYS' EYES ONLY Information under this Stipulation.

6. Except with the prior written consent of the Producing party and/or Designating party, as applicable, or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

   (a) plaintiffs or defendants;

   (b) personnel of plaintiffs or defendants actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   (c) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   (d) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 9 hereof;

   (e) the Court and court personnel, if filed in accordance with paragraph 17 hereof;

   (f) an officer before whom a deposition is taken, including stenographic reporters and

   (g) any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

(h) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 11 and 12, respectively, hereof; and

(i) any other person agreed to by the parties.

7. Except with the prior written consent of the Producing party and/or Designating party, as applicable, or by Order of the Court, Information designated as "Highly Confidential - ATTORNEYS' EYES ONLY" shall not be shown or disclosed to any person or entity except to:

(a) Counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(b) Expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Highly Confidential - ATTORNEYS' EYES ONLY Information is furnished, shown, or disclosed in accordance with paragraph 9 hereof;

(c) The Court and court personnel, if filed in accordance with paragraphs 5 or 17 hereof;

(d) Witnesses and their counsel in trials, depositions, or other proceedings in connection with the above-captioned matter, when such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation or discovery, provided that such persons agree in writing to be bound by this Stipulation prior to disclosure and a copy

6

of such signed undertaking is retained, and provided further that such persons shall not be permitted to take copies of any Highly Confidential - ATTORNEYS' EYES ONLY Information; and

(e) Any other person whom the parties agree in writing, or whom the Court directs, should have access to such Highly Confidential - ATTORNEYS' EYES ONLY Information.

8. Confidential Information and Highly Confidential - ATTORNEYS' EYES ONLY Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

9. Before any disclosure of Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information is made to an expert witness or consultant pursuant to paragraph 6(c) or 7(b) hereof, counsel for the Receiving party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the Information required to be disclosed by CPLR 3101(d), except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

10. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

11. Should the need arise for any of the parties to disclose Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information during any hearing or trial before

the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information.

12. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or Information which have been designated as Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other parties. Counsel shall use best efforts to obtain executed certificates. If counsel is unable to obtain an executed certificate from a non-party deposition witness after using counsel's best efforts to do so, however, such witness will not be precluded from accessing Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information during the deposition.

13. Any party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any party or non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those

portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. The failure of a party to challenge the propriety of a designation shall not preclude a subsequent challenge thereto.

14. If at any time a party objects to the designation of Information as Confidential, the objecting party shall notify the Designating party in writing. Within fourteen (14) calendar days of the receipt of such notification, counsel for the Designating party and the objecting party shall meet and confer in an effort to resolve the objection. If the parties cannot resolve their disagreement, the objecting party may seek appropriate relief from the Court. Until the dispute is resolved, the designated material shall be treated as Confidential Information under this Stipulation.

15. A non-party producing material voluntarily or pursuant to a subpoena or a court order in this action may designate such material in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit, including being deemed a "Producing party" and/or a "Designating party" under this Stipulation.

16. A non-party's use of this Protective Order to protect its Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information does not entitle that non-party to access Information produced by any other party or non-party in this case.

17. (a) A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information or Highly Confidential -

ATTORNEYS' EYES ONLY Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information, shall provide all other parties with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing Party may file by Order to Show Cause a motion to seal such Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information. The Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated by a party as comprising or containing Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties. Violation hereof may be regarded as contempt of the Court."

(b)  As an alternative to the procedure set forth in paragraph 17(a), any party may file with the court any documents previously designated as comprising or containing

Confidential Information by submitting such documents to the Part Clerk in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties."

Counsel submitting Confidential Information to the Part Clerk pursuant to this paragraph 17(b) shall also simultaneously deliver copies of such Confidential Information to counsel for the other parties. The Confidential Information submitted to the Part Clerk shall be returned by the Part Clerk upon disposition of the motion or other proceeding for which it was submitted.

    (c)    All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

18. Any person receiving Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

19. Any document or information that may contain Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2

and/or 13 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

20. Extracts and summaries of Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

21. The production or disclosure of Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

22. Failure to designate Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information as such shall not be deemed a waiver of the party's claim of confidentiality or other applicable privilege as to such information or as to the subject matter of such information, and the party may thereafter designate such information as Confidential Information or Highly Confidential - ATTORNEYS' EYES ONLY Information.

23. Inadvertent disclosure of any Information produced in response to a discovery request in this action that a party (or non-party, if applicable) later claims should have been withheld on grounds of privilege, including, for example, the attorney-client privilege or the work product doctrine (collectively referred to hereinafter as "Inadvertently Disclosed Information"), will not be deemed to have waived any such privilege as to the information itself or the subject matter of that information solely because of the inadvertent disclosure.

A party may request the return of Inadvertently Disclosed Information by giving written notice to the Receiving party identifying such information and stating the basis for its privilege assertion. Upon receipt of such written notice, the Receiving party (i) shall use reasonable efforts to promptly destroy or return to the party asserting inadvertent disclosure all copies of the Inadvertently Disclosed Information and (ii) shall refrain from reviewing the same for any purpose. If a Receiving party has already disclosed the Inadvertently Disclosed Information, that Receiving party must take commercially reasonable efforts to retrieve all copies of the Inadvertently Disclosed Information and either destroy or return such materials to the party asserting inadvertent disclosure. In the event that only part of the Inadvertently Disclosed Information is claimed to be privileged or protected, the party asserting inadvertent disclosure shall furnish to the parties to which it produced the Inadvertently Disclosed Information a redacted copy of such information, removing only the part(s) thereof claimed to be privileged or protected.

24. This Stipulation is entered into without prejudice to the right of any party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Civil Practice Law and Rules or other applicable law.

25. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing party or further order of the Court with respect to dissolution or modification of any the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

26. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

27. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information and Highly Confidential - ATTORNEYS' EYES ONLY Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

28. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or Information.

Dated: New York, New York
June 29, 2016

SHER TREMONTE LLP

By: /s/ Justin M. Sher
Justin M. Sher
(jsher@shertremonte.com)
Robert Knuts
rknuts@shertremonte.com
Michael W. Gibaldi
(mgibaldi@shertremonte.com)
Erica Wolff
(ewolff@shertremonte.com)

80 Broad Street, 13th Floor
New York, New York 10004
Tel: (212) 202-2600

*Attorneys for Plaintiffs*

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: /s/ Emilie B. Cooper
Paul M. O'Connor III
(poconnor@kasowitz.com)
Emilie B. Cooper
(ecooper@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel: (212) 506-1700

*Attorneys for Defendants
Nader Tavakoli, Tarek Investments Limited,
and Vladislav Doronin*

SO ORDERED /s/ Anil C. Singh, J.S.C.
6/30/16.
**ANIL C. SINGH**